# CIRCUIT COURT REPORTS

## NEW SERIES—VOLUME XVI.

CAUSES ARGUED AND DETERMINED IN THE CIRCUIT
COURTS OF OHIO.

---

### BURDEN OF PROOF IN ACTION ON ACCOUNT IN THE
### SHORT FORM.

Circuit Court of Cuyahoga County.

FREDERICK F. HODGES v. C. E. TAFT.

Decided, March 28, 1908.

*Action on Account—Short Form—Necessity to Prove Contract—Amend-
ment of Answer to Include General Denial.*

1. In an action on an account set up in the short form in the petition,
   one of the items of the account being for commissions, etc., "as
   per verbal agreement," the burden is on the plaintiff to prove
   the terms of the agreement and performance thereof by him the
   same as if he had sued on the contract.
2. At the close of all the evidence, under Section 5114, Revised Stat-
   utes, the court may permit the defendant, when justice requires
   it, to amend his answer so as to include in it a general denial.

*McGrath & Stern,* for plaintiff in error.
*Smith, Taft & Arter,* contra.

. MARVIN, J.; HENRY, J., and WINCH, J., concur.

Hodges sued Taft, his petition being in the short form authorized for suit upon an account. An averment in the petition is that the account is "for commissions at the rate of one-half of 3 per cent. on the figured cost of a four story brick and stone apartment house, which figured cost was $33,000, and for architectural services, specifications, plans, bids, etc., thereon, which services were rendered by the firm of Hodges & Hodges, formerly a partnership, and which account has been sold, assigned and transferred to this plaintiff for a valuable consideration."

The account annexed to and made a part of the petition is in these words:

"October 15, 1901.

"C. E. Taft:
"To Hodges & Hodges, Dr.

"To commissions at the rate of ½ of 3 per cent. on figured cost of building to-wit: $33,000.00 for architectural services, preparing plans, specifications, receiving bids, etc., on four-story brick and stone apartment House on Detroit Street, as per verbal agreement ............................. $495.00
"October 15, 1901, by credit of amount paid on former contract as per agreement December 21, 1901 ................................. $95.00
"Received by cash on account ........... 5.00
                                                      _____
"Total Credits ....................... $100.00
                                                      _____
"Balance due ........................ $395.00"

To this petition the defendant answered, setting out that he entered into a verbal contract with Hodges & Hodges, by the terms of which they were to prepare plans and specifications and obtain estimates for a sixteen suite apartment house, etc., the building to cost not to exceed $28,000. That he was to pay for such plans, specifications, etc., the sum of $100, and that in the event he should thereafter determine to put up said building, he was to pay 5 per cent. on said cost of $28,000 for their services as architects and superintendents.

The answer then avers that the estimates secured on the plans prepared by Hodges & Hodges were between $33,000

and $34,000 and that thereupon he determined not to go forward with the work. That he paid to said·Hodges & Hodges the sum of $100 and that was all that was agreed to be paid.

To this the plaintiff replied, denying each and every allegation, statement and averment contained in the answer, and then averring that the $100 alleged in the answer to have been paid to said Hodges & Hodges was applied upon the account referred to in plaintiff's petition, and it was distinctly understood and agreed that the said $100 should be applied upon account thereof only.

It will be noticed that there is no direct denial in the answer of the averments of the petition, though a liberal construction of the answer would probably result in finding that the contract spoken of in the answer is the same one which the plaintiff in his account speaks of in the words, "as per verbal agreement."

At the trial it developed that there was an agreement between the parties that Hodges & Hodges should perform certain duties for the defendant, as architects. There was a disagreement as to the terms of that agreement, but there was no claim on either side that there was not some kind of an agreement or verbal contract between the parties, and that whatever claim the plaintiff had against the defendant was for services performed under such verbal contract. The denial contained in the reply to the defendant's answer, was much broader that he probably intended to make it, for there was no dispute between them that $100 had been paid by the defendant to the plaintiff or paid to Hodges & Hodges for some work done under an agreement between them. The court charged the jury,· that to entitle the plaintiff to recover he must show an agreement or contract made between his firm and the defendant for these services. This is complained of. It is said that because the form of the petition is the short form, provided for suit upon an account, there was no necessity of proving the contract, but the copy of the account itself says that the work was done under a verbal agreement. The fact that the short form of pleading was used in nowise relieves the plaintiff from

the burden of showing that there was an agreement under which, as he says in his account, the services sued for were rendered. The evidence would have to be the same as though he had set out the fact that he had made an agreement to perform certain duties and that he had performed those duties.

As to the burden of proving, the court charged the jury that the burden was upon the plaintiff to establish his case. It is urged that this was error, because it is said, having denied, in the reply, the allegations of the answer, there was a denial of the payment of the $100, and therefore the burden was upon the defendant so to show such payment. Since the petition itself showed that the defendant had paid $100 and it was only that $100 which the defendant claimed to have paid, there was no burden upon him to prove such payment.

As said earlier in this opinion, there was no direct denial in the answer of the allegations of the petition, but the allegations are such that it was clearly understood that the defendant and the plaintiff were both relying upon the same contract, whatever it was. The court, however permitted the defendant, at the close of the evidence, to amend his answer by inserting a general denial. This worked no injury to the plaintiff. The case was tried as though such denial was in the answer, and under Section 5114, R. S. O., it was entirely proper for the court to permit this amendment to be made.

We conclude, therefore, that there was no error in the charge of the court, nor do we find any error in the record which would justify a reversal. The judgment is affirmed.